**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4244**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SOPHIA OLYMPIA DUNLAP,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:08-cr-00428-WO-1)

───────────

Submitted:  September 29, 2011     Decided:  October 26, 2011

───────────

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sophia Olympia Dunlap appeals her conviction and 151-month sentence imposed after she pled guilty to distributing 46.2 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking us to review the reasonableness of Dunlap's sentence. Dunlap filed a pro se supplemental brief arguing that she was erroneously sentenced as a career offender and that she should be resentenced in light of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. Following our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), Dunlap filed an unopposed motion to remand the case for resentencing. We affirm in part, vacate in part, and remand for further proceedings.

Based on her prior North Carolina convictions, the district court sentenced Dunlap as a career offender. However, it is now clear that her convictions were not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting minimum and maximum sentences applicable under North Carolina's structured

2

sentencing scheme).[1]  When Dunlap argued in the district court that her convictions could not serve as predicate offenses for the purposes of career offender status, the argument was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005).  Subsequently, however, we overruled Harp with our en banc decision in Simmons, in which we sustained a similar argument in favor of the defendant.  In view of our holding in Simmons, we grant the motion to remand, vacate Dunlap's sentence, and remand for further proceedings.[2]

In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues. Accordingly, we affirm Dunlap's conviction, vacate her sentence, and remand for resentencing in light of Simmons.

This court requires that counsel inform Dunlap, in writing, of the right to petition the Supreme Court of the United States for further review.  If Dunlap requests that a petition be filed, but counsel believes that such a petition

---

[1] The statute was subsequently amended, but the amendments do not affect Dunlap's appeal.

[2] Dunlap, however, is not entitled to relief on the basis of the FSA, which we recently held does not apply retroactively to defendants, like Dunlap, who were sentenced before its August 3, 2010 effective date.  United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011), cert. denied, __ U.S.__, 2011 WL 4536465 (U.S. Oct. 3, 2011) (No. 09-5214).  We leave for the district court to determine in the first instance whether the FSA should be applied to Dunlap upon resentencing.

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dunlap.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

4